In the Matter of Callie M. SMITH, Bankrupt.

No. 71 B 7497.

United States District Court, N. D. Illinois, E. D.

April 28, 1972.

David P. Schneider, Burton S. Terry, Legal Aid, Chicago, Ill., for Bankrupt.

## MEMORANDUM OPINION AND ORDER

PARSONS, District Judge.

On December 16, 1971, petitioner Smith, widow and mother of four minor children, sought leave of the Bankruptcy Court to proceed *in forma pauperis*. In an affidavit accompanying her motion, she alleged the facts of her indigence, and, in a legal memorandum supporting her motion, she raised both statutory and constitutional arguments for her contention that she be permitted to proceed in bankruptcy without prepayment of filing fees as a condition precedent to her discharge.

Relying on In re Garland, 428 F.2d 1185 (1st Cir. 1970), the Referee refused to grant petitioner a discharge without a payment of fees. Petitioner seeks review of the Referee's decision. The decision of the Referee is reversed.

■ It is first argued by petitioner that the Bankruptcy Act does not prohibit the application of the *in forma pauperis* proceeding provided for in 28 U.S.C. § 1915(a). However, recent Federal Court pronouncements on the subject are to the contrary. The Federal *in forma pauperis* statute does not apply to bankruptcy proceedings. In re Kras, 331 F.Supp. 1207 (E.D.N.Y.1971); In re Smith, 323 F.Supp. 1082 (D.Colo.1971); In re Garland, 428 F.2d 1185 (1st Cir. 1970).

This Court agrees with the reasoning of the *Kras, Smith,* and *Garland* cases on this issue.

Having disposed of petitioner's statutory argument, the Court now turns to petitioner's twofold constitutional argument, to wit, that provisions of the bankruptcy law which condition discharge upon payment of the filing fee effectively impose a bar to petitioner's "fundamental right" of access to the judicial process, and, in the absence of an overriding governmental interest in the fee requirement, deny petitioner her Fifth Amendment rights to due process and equal protection of the laws.

■ These constitutional questions were presented before the *Garland, Smith,* and *Kras* Courts. This Court has chosen to reject the approach taken by the *Garland* Court and shall follow the better reasoned decisions of the *Smith* and *Kras* Courts. Reiteration of the *Smith* and *Kras* legal analysis is not necessary. It is sufficient to state that both Courts found the statutory requirement compelling an indigent person filing a petition in bankruptcy to pay the filing fee as a condition precedent to being entitled to an order of discharge violative of the equal protection principle embodied in Fifth Amendment due process.

■ It is to be remembered that petitioner's claim of indigence is subject to continuous review during the course of the bankruptcy proceeding, and should her financial condition improve sufficiently, she would be required to pay to the extent possible all or part of the filing fee.

■ The Referee could well fashion an order resembling a judgment for costs which would provide that petitioner's obligation to pay the filing fee is not permanently discharged but would rise again when she was no longer indigent and could pay the fee without undue hardship as was the case with the orders fashioned by the *Smith* and *Kras* Courts.

Accordingly, it is hereby adjudged, ordered and decreed that the Referee's decision is reversed and the case is remanded to the Referee to enter a discharge order consistent with this opinion.

It is so ordered.